BALL et al. v. LOVETT.

(Supreme Court, Appellate Term. April 24, 1906.)

HUSBAND AND WIFE—AGENCY OF WIFE—NECESSARIES—PRESUMPTION.

Where there is no open separation, the presumption of the wife's agency to pledge her husband's credit for necessaries still exists.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, § 133.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Thomas R. Ball and others against George E. Lovett. From a judgment for plaintiffs, defendant appeals. Affirmed, with costs.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Henry A. Powell, for appellant.

Charles H. MacLaren, for respondents.

BISCHOFF, J. The goods in question were, in their character, such as would properly be described as necessaries for the defendant's children, and the testimony generally supported the inference that the station in life of the parties justified the purchase by the defendant's wife. While it appears that the defendant had left his home shortly before the period of these purchases, there was no overt separation, and the wife continued to reside in the home provided for her. Her agency to purchase the goods was supported by a course of dealing, apart from the strict relation of husband and wife, since the defendant had continuously paid bills rendered by the plaintiffs in the wife's name for similar purchases, and there was nothing to apprise the plaintiff of any claim that the agency, apparently continuing, had been terminated. Again, since there was no open separation of the parties, the presumption of the wife's agency to pledge her husband's credit for necessaries still existed, and the defendant's evidence did not require the court to find that he had made sufficient provision for these particular needs, as against the inferences to be drawn from the other evidence in the case.

The judgment should be affirmed, with costs. All concur.